KEMIEL ET AL. *v.* REVIEW BOARD, INDIANA EMPLOYMENT SECURITY DIVISION ET AL.

[No. 17,572.  Filed April 11, 1947.]

*Guse & Larrigan,* of La Porte, for appellants.

*John H. Schlosser* and *B. A. Kravizjki,* of West Allis, Wisconsin, attorneys for Allis-Chalmers Company, appellees.

DRAPER, J.—This matter arises out of a decision of the Review Board, operating under the Employment Security Act of the State of Indiana, denying unemployment benefits to the appellants.

The employer is engaged in manufacturing farm machinery in LaPorte, Indiana. Since 1940, Local No. 119 of the United Farm Equipment and Metal Workers of America has been the sole and exclusive bargaining agent for. all of the company's production employees, including truckers and turret lathe operators.

On March 16, 1946, during the progress of conferences between the employer and the union looking toward the settlement of a dispute concerning wage increases, certain conditions of employment and related matters affecting the production workers, a general strike was called, a strike vote having been taken in January 1946, and the picket line established and maintained, stopped production, although the employer had materials and unfilled orders sufficient to furnish employment to the employees.

The appellant Kemiel was a trucker who had never belonged to the union. He was willing and anxious to continue working but the pickets blocked the gates and

would permit none of those who wished to work, including Kemiel, to get into the plant.

The appellant Zeitz was a turret lathe operator who had been a member of the union, but before the work stoppage occurred he had taken a leave of absence and gone to California, and had withdrawn from the union shortly thereafter. He returned on April 3rd, 1946, intending to go back to work, but was unable to do so because of the conditions then prevailing and above mentioned. The employer-employee relationship between him and the company, although in an inactive status, had remained unbroken.

Both appellants were eligible for membership in the union; both fell within the bargaining unit; and any benefits obtained for the production employees by the bargaining unit as a result of the labor dispute would inure to the benefit of the appellants regardless of their lack of union affiliation.

The Review Board found both employees to be disqualified for benefits under § 52-1507 (f) (3), Burns' 1945 (Supp).

The work stoppage existed because of a labor dispute. It is not claimed to be otherwise. Neither of the appellants participated in or financed such dispute, but the wages and conditions of work of each of them would be affected by the outcome of the labor dispute which caused the work stoppage. They were, therefore, directly interested therein and so not qualified for benefits. *Auker* v. *Review Board, etc.* (1947), *poste,* p. 486, 71 N. E. (2d) 629.

Affirmed.

NOTE.—Reported in 72 N. E. (2d) 238.