Leslie L. ADAMS, et al., Manuel L. Curtis, Bob J. Geiser, Norman L. Hankins, James R. Henry, Robert M. Lehman, Nobel C. Malone, Leroy W. Orth, Norris M. Ptaszek, Thomas L. Williams, Appellants-Claimants,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Industrial Contractors, Inc., Appellees-Review Board and Employer.

No. 2–483A125.

Court of Appeals of Indiana,
First District.

Aug. 31, 1983.

Samuel Morris, Teamsters Local Union No. 215, Evansville, for appellants-claimants.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Claimants appeal from a decision of the Review Board of the Indiana Employment Security Division (Review Board) denying them unemployment benefits. We reverse and remand.

## FACTS

Appellants are all members of Teamsters Local 215. During 1979 appellants were employed by Industrial Contractors, Incorporated (Industrial). Industrial hired numerous members of various trades in order to complete its construction contracts. The labor contract between the Teamsters and Industrial expired at the end of March 1979. The Teamsters agreed to continue working during the negotiations, however, the bricklayers and millwrights did go out on strike. This resulted in the cessation of activity at the construction sites. Appellants then filed claims for unemployment compensation. An appeals referee affirmed the denial of benefits based solely upon the claimants' alleged direct interest in the millwrights' and bricklayers' labor disputes. The referee's decision was summarily affirmed by the Review Board. It is from that decision that claimants now appeal.

## ISSUE

Claimants present three issues on appeal. However, they may be consolidated into one issue for purposes of brevity:

Did the Review Board err in concluding that claimants were directly interested in the labor dispute between the other unions and Industrial?

## DISCUSSION AND DECISION

The Review Board erred in concluding that claimants were directly interested in the labor dispute between the other unions and Industrial.

The instant case arises under the provisions of Indiana Code section 22–4–15–3 (1979). That section states, in pertinent part:

"(a) An individual shall be ineligible for waiting period or benefit rights: For any week with respect to which an employee of the Division, designated by the Director and hereinafter referred to as the deputy, finds that his total or partial or part-total unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he was last employed;

(b) *This section shall not apply to an individual* if he has terminated his employment, or his employment has been terminated, with the employer involved in the labor dispute; or if the labor dispute which caused his unemployment has terminated and any period necessary to resume normal activities at his place of employment has elapsed; or *if all of the following conditions exist: He is not participating in or financing or directly interested in the labor dispute which caused his unemployment:* and he does not belong to a grade or class of workers of which, immediately before the commencement of his unemployment, there were members employed at the same premises as he, any of whom are participating in or financing or directly interested in the dispute; and he has not voluntarily stopped working, other than at the direction of his employer, in sympathy with employees in some other establishment or factory in which a labor dispute is in progress.... [Emphasis supplied.]"

The referee concluded that the claimants were directly interested in the millwrights' and bricklayers' strike which resulted in their unemployment. The referee's conclusion and denial of benefits was affirmed by the Review Board. Claimants contend that the Review Board erred in affirming the referee's conclusion. We are constrained to agree with claimants' contention.

■ In determining whether the Review Board erred, we engage in a two-tier standard of review. *Graham v. Review Board of the Indiana Employment Security Division,* (1979) 179 Ind.App. 497, 499, 386 N.E.2d 699, 701. Initially, we examine the

relationship between the Board's premises and conclusions, and inquire as to the reasonableness of the deduction made. *Gold Bond Building Products Division National Gypsum Co. v. Review Board of the Indiana Employment Security Division,* (1976) 169 Ind.App. 478, 485–86, 349 N.E.2d 258, 263 (finding of ultimate fact is conclusion and findings of basic fact are premises). This first level of review may be termed a question of law. *City of Evansville v. Southern Indiana Gas & Electric Co.,* (1975) 167 Ind. App. 472, 486, 339 N.E.2d 562, 573. Secondly, we inquire into the nexus between the premises and the evidence presented to determine if the evidence justifies the premises. *Gold Bond,* 169 Ind.App. at 486, 349 N.E.2d at 263. At this second level we generally give substantial deference to the agency's findings. *Tauteris v. Review Board of the Indiana Employment Security Division,* (1980) Ind.App., 409 N.E.2d 1192, 1195; *Gold Bond,* 169 Ind.App. at 486, 349 N.E.2d at 263. However, in the instant case, because we determine that the Board's conclusion was not supported by its premises, we do not reach the second tier of the analysis.

 We have previously noted that those directly interested in a labor dispute, for purposes of unemployment compensation, are "those whose wages, hours, or conditions of work would be affected by the outcome of the dispute." *General Electric Co. v. Review Board of the Indiana Employment Security Division,* (1977) 173 Ind.App. 457, 460, 364 N.E.2d 142, 144; *Kemiel v. Review Board of the Indiana Employment Security Division,* (1947) 117 Ind.App. 357, 359, 72 N.E.2d 238, 238–39; *Auker v. Review Board of the Indiana Employment Security Division,* (1947) 117 Ind.App. 486, 492, 71 N.E.2d 629, 631, *trans. denied.* Claimants note that they were members of a union separate and distinct from the bricklayers and millwrights. Neither the referee's basic findings of fact nor the Review Board's brief indicate in what manner claimants would benefit from the strikes of the other unions. The Board's premises do not support the necessary conclusion that the wages, hours, or conditions of employ-

ment of the teamsters would have been altered in any way by the outcome of the strike by the bricklayers and millwrights. The Review Board erred in concluding that the claimants were directly interested in the labor dispute involving the other unions. Although there are three criteria for qualifying for benefits under section 22–4–15–3(b), *General Electric,* 173 Ind.App. at 459, 364 N.E.2d at 144, the Board's decision was made solely upon the determination that the claimants were directly interested. We, therefore, reverse the decision of the Review Board and remand for further proceedings not inconsistent with this opinion.

Reversed and remanded.

ROBERTSON, P.J., and NEAL, J., concur.