Francis **ADKINS**, et al., Appellants–Claimants,

v.

**TELL CITY CHAIR CO.**, Review Board of the Indiana Dept. of Workforce Development et al., Appellees.

No. 93A02–9601–EX–17.

Court of Appeals of Indiana.

Oct. 22, 1996.

---

Adrienna A. Berry, Segal, Isenberg, Sales, Stewart, Cutler & Tillman, Louisville, KY, for Appellants–Claimants.

Pamela Carter, Attorney General of Indiana, Rafal Ofierski, Deputy Attorney General, Indianapolis, Jack H. Rogers, Barnes & Thornburg, Indianapolis, for Appellees.

## OPINION

GARRARD, Judge.

Francis Adkins and 108 other claimants (collectively "Claimants") appeal the Review Board of the Indiana Department of Employment and Training Services' ("Review Board") decision that Claimants failed to prove that they had been permanently replaced and were, therefore, ineligible for unemployment benefits.

We affirm.

## FACTS

On February 18, 1994, all 301 employees of the Tell City Chair Company ("Company") went on strike. After negotiations with the

Company appeared to stall, 109 of the approximately 301 still striking employees filed for unemployment benefits. A hearing to determine Claimants' eligibility for unemployment was held before an Administrative Law Judge ("ALJ") on May 25, 1994. At the time of the hearing, the strike had not been settled. The ALJ found that all 109 claimants had been terminated by a letter from the Company dated March 25, 1994.[1] In addition, the ALJ found that the Company had admitted that 39 named claimants had been permanently replaced and were eligible for unemployment benefits for that reason. At the time of the hearing 104 permanent replacement workers had been hired. On June 15, 1995, the Company appealed this decision to the Review Board.

On November 14, 1995, the Review Board filed its order affirming in part and reversing in part the ALJ's decision. The Review Board affirmed the ALJ's finding that the 39 named claimants had been permanently replaced and were therefore eligible for unemployment benefits. Reversing the ALJ's determination that the remaining 70 claimants had been terminated, the Review Board found that the Company's March 25, 1994, letter simply informed the workers of the Company's intention to hire permanent replacements and the continuing availability of work for the striking employees. Because the Review Board found that the remaining Claimants had not presented any evidence that they had been permanently replaced, the Board ruled Claimants ineligible for unemployment benefits. Claimants appeal the Review Board's decision.

## ISSUES

Claimants present two issues upon appeal which we consolidate and restate as:

I. Whether the Review Board erred in finding that Claimants failed to present evidence that they had been permanently replaced.

1. The letter in relevant part states:
   We have begun the process to hire replacement employees. If you want to return, work is available for you until we hire a permanent

## DISCUSSION

Under I.C. § 22–4–17–12(a), "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." We are therefore bound to accept the findings of fact of the Review Board and our review of the Board's decision is "limited to the examination of the evidence and reasonable inferences therefrom which would support the Board's decision." *Shortridge v. Review Bd. of Indiana Employment Sec. Div.*, 498 N.E.2d 82, 87 (Ind.Ct.App.1986). If there is substantial evidence of probative value to support the Board's decision, we will affirm. *Plumrose USA v. Review Bd.*, 654 N.E.2d 827, 828 (Ind.Ct.App.1995).

Claimants argue that the Review Board's decision need not be given any deference, because the facts are undisputed, thus presenting only a question of law. *See Ashlin Transp. Servs., Inc. v. Indiana Unemp. Ins. Bd.*, 637 N.E.2d 162 (Ind.Ct.App.1994). It is undisputed that 104 permanent replacement employees had been hired and Claimants contend that this fact proves that they have been permanently replaced. The main factual issue remains in dispute, however. The focus of both the ALJ's decision and the Review Board's decision was not the hiring of replacement employees, but was which 104 of the 301 striking employees had been permanently replaced, a purely factual determination. We are therefore bound by the Review Board's findings of fact and must affirm if substantial probative evidence supports the Review Board's decision. I.C. § 22–4–17–12(a); *Plumrose USA v. Review Bd.*, 654 N.E.2d 827, 828 (Ind.Ct.App.1995).

In Indiana, a person who is unemployed due to participation in a labor dispute, such as an economic strike, is not eligible for unemployment benefits. I.C. § 22–4–15–3(a). A striking employee regains eligibility for unemployment benefits when the employer replaces that employee with a permanent replacement worker. *Arvin North American v. Review Bd.*, 598 N.E.2d 532, 537 (Ind.

replacement for your job. When a permanent replacement has been hired for your job, your name will be placed on a preferential recall list.

Ct.App.1992), *trans. denied.* The rationale behind this rule is that the hiring of the permanent replacement severs the employment relationship between the employer and the striking employee. *Allen v. Review Bd. of Ind. Emp. Sec. Div.,* 494 N.E.2d 978, 980 (Ind.Ct.App.1986). Claimants bear the burden of proving that they have been permanently replaced. *Arvin,* 598 N.E.2d at 539. The sole issue for review is whether the Review Board was correct in finding that Claimants had not presented any evidence that they had been permanently replaced.[2]

■ Claimants initially argue that the Review Board failed to consider the Company's allegedly intentional withholding of information regarding the permanently replaced positions. Citing no authority, Claimants contend that they were not required to carry the burden of proof because the Company withheld this crucial information. The Review Board found that there was no evidence that Claimants had attempted to subpoena the relevant records or use other legal process to require disclosure of the information. The record, amply supporting the Board's finding, reveals that Claimants' requests for information consisted solely of three telephone calls to the Company. At the hearing, a representative of the Company testified that 39 of the 109 claimants had been replaced, providing the information that Claimants desired. The Review Board refused to consider the Company's alleged refusal to provide information because Claimants provided no evidence that they had made any serious attempts to obtain the information. As this determination is supported by the record, we affirm the Review Board's decision not to consider this argument.

■ Claimants next argue that they need not show that each individual had been replaced because the hiring of the 104 perma-

nent replacement workers constituted the replacement of the entire group of Claimants. In support of this argument, Claimants rely on *Plumrose, supra,* and *Arvin, supra.* Claimants argue that individual showings of replacement are not necessary because the 104 replacement employees have filled all but a *de minimis* amount of the 109 jobs Claimants had held. Appellees argue that *Plumrose* and *Arvin* are not applicable to the present facts and that an individual determination of permanent replacement was required. We agree.

In *Plumrose,* all 76 striking employees had been permanently replaced prior to the hearing, but 5 jobs had subsequently become available due to normal employee turnover. This Court found that no individual showing of replacement was necessary because it was clear that all 76 employees had been permanently replaced before the five job openings had occurred. *Arvin* [3] dealt with a similar fact pattern; the court's holding hinged on the fact that all the striking employees had at one point been replaced, the remaining job openings being the result of normal employee turnover. *Plumrose* and *Arvin* are clearly distinguishable from the present facts. The evidence shows that, at the time of the hearing, all the striking employees' positions had not been filled; in fact, approximately 200 of the 301 open positions had yet to be filled. Unlike *Plumrose* or *Arvin,* all the striking employees' jobs had not been filled by permanent replacement employees. Mr. Harper, a representative of the Company, testified that only 39 out of the 109 Claimants had been permanently replaced and that the rest of the 104 replacement workers had filled the positions of striking employees who were not claimants in this action. (R. 73). Claimants' reliance on *Plumrose* and *Arvin* is unsupported by the evidence and must fail.

We hold that there was substantial probative evidence to support the Review Board's

---

**2.** Because the finding that the 39 named claimants had been permanently replaced is not disputed by any party, we will only review the Board's determination of the status of the remaining 70 claimants.

**3.** *Arvin* dealt with several consolidated cases and contained several similar fact patterns which we will not discuss in detail.

finding that Claimants failed to provide any evidence that they had been permanently replaced and, thus were eligible for unemployment benefits.[4]  The Review Board's decision is, therefore, affirmed in its entirety.

Affirmed.

STATON and KIRSCH, JJ., concur.

---

**4.**  We decline Appellee Tell City Chair Co.'s invitation to consider the discrepancies between Indiana and Federal law on the question of when a striking employee becomes eligible for unemployment benefits.  As we stated in *Plumrose,* though we may be inclined to rectify these discrepancies, we are restrained by previous case law from doing so.  654 N.E.2d 827, 830 (1995)(Garrard, J., concurring).